**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-2103

———————

CRAIG WILLIAMS; ERNEST PORTER;
SAHARRIS ROLLINS; RONALD CLARK,

Appellants.

v.

*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
LOUIS S. FOLINO, Superintendent

*(Pursuant to Rule 43(c), Fed. R. App. P.)

———————

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 2-10-cv-00212)
District Judge:  Honorable Nora B. Fischer

———————

Submitted Under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE and ROTH, <u>Circuit Judges</u>

(Opinion filed:  January 25, 2012)

## OPINION

**ROTH**, <u>Circuit Judge</u>:

Four state prisoners, who await resentencing after their death sentences were vacated, appeal the dismissal of their *pro se* petition pursuant to 28 U.S.C. § 2241, which sought an order directing their transfer from death row to the general prison population. The District Court dismissed the petition *sua sponte*, before the respondents had been served, on the ground that the underlying claim should not have been brought as a habeas corpus petition but rather as an action under 42 U.S.C. § 1983. For the reasons that follow, we will affirm the judgment of the District Court.

## I. **Background**

On February 16, 2010, state prisoners Craig Williams, Ernest Porter, Saharris Rollins, and Ronald Clark[1] filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241, challenging the "illegal confinement of them" by Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections, and Louis S. Folino, Superintendent of the State Correctional Institution at Greene (SCI-Greene), where all of the prisoners were then confined.

---

[1] Clark was resentenced to life imprisonment on August 16, 2011. As a result, he has been released from his status as a death sentence prisoner and is no longer on "death row." Because he could not benefit from the relief sought in this action, his complaint will be dismissed as moot.

Each prisoner's death sentence, but not his conviction, has been vacated.[2] Under Pennsylvania's Post-Conviction Relief Act, Williams' death sentence was vacated in 2006, and Clark's death sentence was vacated in 2003. In federal habeas proceedings, Porter's death sentence was vacated in 2003, and Rollins' death sentence was vacated in 2005.

In their petition, the prisoners alleged that they will remain in the "condemned to die unit (also known as death row/capital case housing unit)," unless or until they are resentenced to life imprisonment. Conditions of that unit are similar to those of administrative or disciplinary custody, which are more stringent than those for the general prison population. The restrictive conditions include no contact visits, access to the prison law library only every seven to ten days, and then in single cages, and confinement to their cells for 22 hours on weekdays and 24 hours on weekends. The prisoners further alleged that such conditions inhibit their ability to investigate, prepare, and develop relevant mitigation evidence to be presented at their resentencings. The prisoners sought an order requiring their transfer from death row to the general prison population.

On March 31, 2010, after considering the prisoners' objections thereto, the District Court adopted the Report and Recommendation of the Magistrate Judge and thereby dismissed the petition *sua sponte* (and before the respondents had been served). (App. 1-

---

[2] According to the Commonwealth of Pennsylvania, appeals by Williams, Rollins, and Clark of their convictions were unsuccessful, and Porter's appeal of his conviction is pending before us at Nos. 03-9006 and 03-9007. (Amicus Br. 6-7.)

4.)  The District Court found that "the underlying claim is one properly brought in a civil rights action" and denied a Certificate of Appealability.  (App. 3-4.)

The prisoners appealed.  We issued a Certificate of Appealability and appointed counsel.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 2241.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

We exercise plenary review over the District Court's legal conclusions.  *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.3 (3d Cir. 2005).

## III.  Discussion

The sole issue before us is whether the District Court erred in concluding that the prisoners' challenge to their confinement on death row, after their death sentences had been vacated, rather than in the general prison population, is not cognizable in a petition for habeas corpus.

"Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect."  *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  A habeas petition must be used for a challenge to "the validity of the continued conviction or the fact or length of the sentence."  *Id.* at 542.  An action under § 1983 is appropriate for a challenge to "a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction."  *Id.*

4

The prisoners do not challenge the fact or duration of their imprisonment. Instead, they complain of the restrictive conditions of death row and seek to be transferred into the general prison population. As such, the prisoners raise "conditions of confinement" claims that do not lie at the core of habeas and thus are properly brought pursuant to § 1983. *See id.* We find, therefore, that the District Court correctly dismissed the prisoners' habeas petition.

## IV.  Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.